JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America and James DeMoss, Revenue Officer, Internal Revenue Service

**DEFENDANTS**
Marla S. Levin

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul W. Kaufman, AUSA, U.S. Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106
(215) 861-8579

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**26 U.S.C. § 7604(a)**
Brief description of cause:
**Failure to comply with IRS Summons**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: **September 16, 2010**
SIGNATURE OF ATTORNEY OF RECORD: [signature]
Paul W. Kaufman, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __USA and James DeMoss, Revenue Officer, IRS, 615 Chestnut Street, Suite 1250, Phila., PA 19106__

Address of Defendant: __Marla S. Levin, 115 Marywatersford Road, Bala Cynwyd, PA 19004__

Place of Accident, Incident or Transaction: __Office of the Internal Revenue Service, 600 Arch Street, Room 1040, Philadelphia, Pennsylvania__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __Tax__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __Paul W. Kaufman__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __September 16, 2010__   _____   _____
                              Attorney-at-Law  Paul W. Kaufman, AUSA   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above. __except simultaneously filed case.__

DATE: __September 16, 2010__   _____   _____
                              Attorney-at-Law  Paul W. Kaufman, AUSA   Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America and James DeMoss, Revenue Officer, Internal Revenue Service | : | CIVIL ACTION |
| v. | : | |
| Marla S. Levin | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.               ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                           (✓)

| | | |
|---|---|---|
| September 16, 2010 | *[signature]* | |
| **Date** | **Attorney-at-law** Paul W. Kaufman | **Attorney for Plaintiffs** |
| (215) 861-8579 | (215) 861-8618 | Paul.kaufman2@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND<br>JAMES DEMOSS, REVENUE OFFICER,<br>INTERNAL REVENUE SERVICE,<br><br>    Plaintiffs,<br><br>v.<br><br>MARLA S. LEVIN,<br><br>    Defendant. | )<br>)<br>)<br>)   Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO ENFORCE
## INTERNAL REVENUE SUMMONS

For their Complaint, the United States of America and James DeMoss, Revenue Officer, Internal Revenue Service, by and through their attorneys, Zane David Memeger, United States Attorney, and Paul W. Kaufman, Assistant United States Attorney, allege as follows:

1. Pursuant to 26 U.S.C. § 7604(a), an action may be brought to enforce judicially an Internal Revenue Summons issued pursuant to 26 U.S.C. § 7602.

2. This action is brought pursuant to 26 U.S.C. § 7604(a) in order to enable Plaintiffs to prepare federal income tax returns for the Defendant, Marla S. Levin, for the years ending December 31, 2006, December 31, 2007, and December 31, 2008.

3. Plaintiff James DeMoss is a Revenue Officer with the Internal Revenue Service who is authorized by 26 U.S.C. § 7602 to issue Internal Revenue Summonses.

4. Defendant Marla S. Levin lives at 115 Marywatersford Road, Bala Cynwyd, PA 19004.

5. Bala Cynwyd, Pennsylvania is within the jurisdiction of this Court, and venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).

6. Plaintiff Revenue Officer is presently conducting an investigation with respect to the determination of the outstanding income tax liabilities (Forms 1040) of the Defendant for the years

ending December 31, 2006, December 31, 2007, and December 31, 2008.

7. On February 23, 2010, a copy of a Summons was served upon the Defendant, by plaintiff DeMoss, by taping an attested copy of the Summons to the window of the front door at the last and usual place of abode of the Defendant. A true and accurate copy of that Summons is attached hereto and a true and accurate copy is attached hereto as Exhibit 1 and is incorporated by reference herein.

8. As is set forth more fully in the Summons, defendant was directed to appear on March 15, 2010 at 10:00 A.M. at the office of the Internal Revenue Service, 600 Arch St., Room 1040, Philadelphia, Pennsylvania and to testify and produce certain documents and records necessary to prepare the federal income tax returns at issue.

9. The Defendant did not appear on March 15, 2010.

10. A true and accurate copy of the Declaration of plaintiff James DeMoss dated May 12, 2010, reciting the failure to comply with the Summons, is attached hereto as Exhibit 2 and is incorporated by reference herein.

11. Plaintiffs do not possess and have not possessed the documents that the Summons demands that the Defendant produce.

12. Accordingly, it was and continues to be essential to the determination of the outstanding income tax liabilities (Forms 1040) of the Defendant for the years ending December 31, 2006, December 31, 2007, and December 31, 2008, that the Defendant be required to testify and produce those records and documents demanded by the Summons.

13. As indicated above, the investigation is being conducted for a legitimate purpose and the information sought may be relevant to that purpose.

14. The Plaintiffs have complied with the administrative procedures required by the Internal Revenue Code of 1986, as amended, for enforcement of this Summons.

WHEREFORE, Plaintiffs respectfully pray:

1. That this Court enter an Order directing the Defendant to show cause why she should not comply with and obey the aforementioned Summons in each and every requirement thereof, in the form attached hereto as Exhibit 3;

2. That the Court enter an order directing the Defendant to obey the aforementioned Summons in each and every requirement thereof and to order that she testify, produce the books, records and other information as called for by the Summons before Plaintiff DeMoss or any other properly designated officer of the Internal Revenue Service;

3. That the United States recover its costs in maintaining this action; and

4. That the Court grant such other and further relief as is just and proper.

Respectfully Submitted,

ZANE DAVID MEMEGER
United States Attorney

_____
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
PAUL W. KAUFMAN
Assistant United States Attorney

Dated: 7/19/2010

# Exhibit 1



# Summons
## Income Tax Return

**In the matter of** Matthew H Levin (SSN: 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) and Marla S Levin (SSN: 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); Marywatersford Rd, Bala Cynwyd, PA 19004
**Internal Revenue Service** (Identify Division) Small Business / Self Employed
**Industry/Area** (Identify by number or name) Small Business / Self Employed - Area 22
**Periods:** Form 1040 for the calendar periods ending: December 31, 2006; December 31, 2007 and December 31, 2008

**The Commissioner of Internal Revenue**

**To:** Marla Sue Levin - wife
**At:** 115 Marywatersford Rd, Bala Cynwyd, PA 19004

You are hereby summoned and required to appear before **JAMES W DEMOSS**, an Internal Revenue Service (IRS) officer, and/or his or her designee, to give testimony and to bring for examination the following information related to the tax liability of the person identified above for the periods shown:

All documents and records you possess or control about income you received for the years: 2006, 2007 and 2008

These records and documents include, but are not limited to: Forms W-2 (Wage and Tax Statement), Forms 1099 for interest and dividend income, employee earnings statements, and records of deposit with banks or other financial institutions.

Also include all other books, records, documents and receipts for income from, but not limited to, the following sources: wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services (including receipt of property other than money). Include all documents and records about any income you assigned to any other Person or entity.

IRS will use this information to prepare a federal income tax return for the following year(s) when you didn't file a return: 2006, 2007 and 2008

We have attached a blank return to guide you in producing the necessary documents and records.

---

**Do not write in this space**

---

**Business address and telephone number of IRS officer before whom you are to appear:**

600 ARCH STREET, PHILADELPHIA, PA 19106-1611 - (215)861-1244

**Place and time for appearance: At** 600 ARCH STREET, ROOM 1040, PHILADELPHIA, PA 19106-1611

**IRS**

on the 15th day of March, 2010 at 10:00 o'clock A m.

Issued under authority of the Internal Revenue Code this 23rd day of February, 2010

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 6638 (Rev.10-2006)
Catalog Number 61828W

JAMES W DEMOSS
Signature of issuing officer

REVENUE OFFICER
Title

Signature of approving officer (if applicable)

Title

**Original -- to be kept by IRS**



# Certificate of Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

**I certify that I served the summons shown on the front of this form on:**

| Date | Time |
|---|---|
| 2/23/10 | 9:41 AM |

**How Summons Was Served**

☐ I handed an attested copy of the summons to the person to whom it was directed.

☒ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):

| Signature | Title |
|---|---|
| James W. D. M— | REVENUE OFFICER |

**I certify that the copy of the summons served contained the required certification.**

| Signature | Title |
|---|---|
|  |  |

Catalog No. 61828W                                          Form **6638** (Rev. 10-2006)

# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and <br> JAMES DEMOSS, REVENUE OFFICER of the <br> INTERNAL REVENUE SERVICE, <br><br> **Plaintiff** <br><br> v. <br><br> MARLA S. LEVIN <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

## DECLARATION

James DeMoss, plaintiff herein declares:

1. I am a duly commissioned Revenue Officer employed in the Small Business/Self-Employed Division Central Compliance Area, of the Internal Revenue Service at William Green Federal Building, 600 Arch Street, Philadelphia, Pennsylvania.

2. In my capacity as a Revenue Officer, I am conducting an investigation into the determination of the Income Tax Liabilities (Form 1040) of Matthew and Marla Levin for the taxable periods ending: 12/31/2006, 12/31/2007 and 12/31/2008.

3. In furtherance of the above investigation and in accordance with Section 7602 of Title 26, U.S.C., I issued on 02/23/2010, an administrative summons, Internal Revenue Service Form 6638, to Marla S. Levin, to give testimony and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to the complaint as Exhibit 1.

4. In accordance with Section 7603 of Title 26, U.S.C., on 02/23/2010, I served an attested copy of the Internal Revenue Service summons described in Paragraph (3)

above on the defendant, Marla S. Levin, by leaving a copy at last and usual place of abode, as evidenced in the certificate of service on the reverse side of the summons.

5. On 3/15/2010, the defendant Marla S. Levin, did not appear in response to summons. The defendant's refusal to comply with the summons continues to the date of this declaration.

6. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. As of the date the Summons was issued and served, and as of the day I signed this declaration, there was no Department of Justice referral, as defined by 26 U.S.C. Section 7602(c), with respect to Marla S. Levin.

9. It is necessary to obtain the testimony and to examine the books, papers, records, or other data sought by the summons in order to determine the Income Tax Liabilities of Matthew and Marla Levin for the taxable periods ending: 12/31/2006, 12/31/2007 and 12/31/2008. This investigation is being conducted for a legitimate purpose and the information may be relevant for that purpose.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 12TH day of MAY, 2010.

James W. DeMoss, Revenue Officer

2

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND<br>JAMES DEMOSS, REVENUE OFFICER<br>INTERNAL REVENUE SERVICE,<br><br>       Plaintiffs,<br><br>  v.<br><br>MARLA S. LEVIN,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER TO SHOW CAUSE

AND NOW, this    day of               , 2010, upon consideration of plaintiffs' complaint, the Exhibits attached thereto, including the Declaration of James DeMoss dated May 12, 2010, and upon the motion of Plaintiffs' attorneys:

IT IS ORDERED that MARLA S. LEVIN appear before the United States District Court for the Eastern District of Pennsylvania, Courtroom       , U.S. Federal Courthouse, 601 Market Street, Philadelphia, Pennsylvania, on the   day of         2010, at   .m., and show cause why an Order should not be entered enforcing the Internal Revenue Summons served on her on February 23, 2010, by Plaintiff Revenue Officer James DeMoss of the Internal Revenue Service.

   IT IS FURTHER ORDERED that a copy of this Order, the Complaint and Exhibits be served upon the Defendant by a Revenue Officer of the Internal Revenue Service on or before the _____ day of _____, 2010.

   IT IS FURTHER ORDERED that within _____ days of service of copies of this Order, the Complaint, and Exhibits upon her, the Defendant shall file and serve an answer, motion or other responsive pleading, together with an affidavit in support thereof.

   IT IS FURTHER ORDERED that only those issues raised in the pleadings or motions and supported by affidavit(s) will be considered by the Court on the above return date, and any uncontested allegation in the Complaint will be taken as admitted for the purpose of this enforcement proceeding.

               BY THE COURT:

               _____
                      , J.